IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charakus Williams, | ) | C/A No.: 6:26-1367-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| John Doe 1, Jane Doe 1, John Doe | ) | RECOMMENDATION |
| 2, and Jane Doe 2, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Charakus Williams ("Plaintiff"), proceeding pro se, brought this action alleging violation of his civil rights by John and Jane Does (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends Plaintiff's motion to proceed in forma pauperis be denied, but that this matter be summarily dismissed even if Plaintiff pays the filing fee.

I.      Factual and Procedural Background

In Plaintiff's initial complaint, he provided virtually no factual allegations, but instead vaguely alleged violations of state and federal law, including invasion of privacy, intentional infliction of emotional distress, and violations of his Fourth, Fifth, and Fourteenth Amendment rights. [ECF No.

1]. By orders dated April 1, 2026, Plaintiff was directed to provide documents necessary to bring this case into proper form, including a long form motion to proceed in forma pauperis,[1] and permitted an opportunity to file an amended complaint. [ECF Nos. 8, 9].

On April 10, 2026, Plaintiff filed a document liberally construed as an amended complaint. [ECF No. 13].[2] It contained pages 1, 5, and 6 of the court's form complaint, but listed no defendants. *Id.* He also attached nine pages of documents that appear to consist of research regarding federal and state laws related to (1) rights for elderly and vulnerable adults, (2) wiretap, eavesdropping, and harassment laws, and (3) "life, liberty, and property laws." [ECF No. 13-1 at 1–6]. The remaining three pages are labeled as a "draft protection package" related to an individual who is not before the court. *Id.* at 7–9. Plaintiff's amended complaint contains no factual allegations.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

---

[1] Plaintiff's initial motion to proceed in forma pauperis listed no assets, income, or expenses. [ECF No. 3].

[2] Plaintiff also filed the long form motion to proceed in forma pauperis as instructed, which is discussed below.

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

3

B.     Analysis

1.     Motion to Proceed In Forma Pauperis

On his motion to proceed in forma pauperis, Plaintiff indicated an average monthly income of $2,000. [ECF No. 15]. He also lists $380 in average monthly expenses. *Id.* A litigant is not required to show he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915:

(1) Is the litigant barred from the federal courts by the reason of his "impecunity"?

(2) Is his access to the courts blocked by the imposition of an undue hardship?

(3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Id.* at 943; *see also Murray v. Gossett*, C/A No. 3:13-2552-CMC-SVH, 2013 WL 5670907, at \*2 (D.S.C. Oct. 17, 2013) (adopting and incorporating report and recommendation).

Reviewing the information before the court, and considering the tests set forth in *Carter*, the undersigned recommends the court deny Plaintiff's motion. Given that Plaintiff's monthly income outweighs his expenses, Plaintiff has adequate funds to pay the filing fee. Therefore, it does not appear that paying the fee would render Plaintiff destitute or impose an undue hardship or effectively block his access to the courts.

2.      Vague Allegations

Regardless of whether Plaintiff pays the filing fee, this case is subject to summary dismissal. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiff provides only legal research in his amended complaint.[3] Without sufficient factual allegations showing he is entitled to relief, his complaint is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion to proceed in forma pauperis be denied. Regardless of whether Plaintiff pays the filing fee, the undersigned recommends this matter be summarily dismissed on the merits without further leave for amendment. If the district judge accepts this recommendation, Plaintiff's pending motions [ECF Nos. 3, 15, 16, 17, 18, and 29] will be rendered moot.

IT IS SO RECOMMENDED.

May 5, 2026                             Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Although Plaintiff's original complaint has been superseded by the amended complaint, the undersigned notes it also did not contain sufficient factual allegations.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).